# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CERVANTES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SHREW SHERMAN,<br><br>　　　　Respondent. | Case No. 1:16-cv-01132-SAB-HC<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

When a state prisoner files a habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618 (1961)). Petitions challenging the execution of a sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the

1  exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Here, Petitioner's claims relate to his conviction and sentence that occurred in the Placer County Superior Court, which is part of the Sacramento Division of the United States District Court for the Eastern District of California. See Local Rule 120(d). Therefore, venue is proper in the Sacramento Division. Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court, may, on the court's own motion, be transferred to the proper venue within the District. Therefore, this action will be transferred to the Sacramento Division. This Court has not ruled on Petitioner's request to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is transferred to the Sacramento Division of the United States District Court for the Eastern District of California; and

2. All future filings shall reference the new Sacramento case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 501 "I" Street, Suite 4-200
> Sacramento, CA 95814

IT IS SO ORDERED.

Dated: **August 4, 2016**

UNITED STATES MAGISTRATE JUDGE

2